McKinney, J.,
delivered the opinion of the court.
This suit was commenced before a justice of the peace* on the 12th of February, 1850, to recover damages for overflowing the plaintiff’s land, by the erection and keeping up of a grist-mill.
■ The plaintiff had judgment before the justice, and the case was removed into the circuit court of Hamilton by certiorari. At the March Term, 1853, there was a trial, and the jury found a verdict in favor of the plaintiff for one dollar damages. The court thereupon rendered *85 judgment in favor of the plaintiff for the damages found, and for an equal amount of cost; and for the balance of the costs judgment was given against the plaintiff; from which he appealed in error to this court.
Ve think this judgment is erroneous. At the time this suit was commenced, the existing law prescribing the rule as to costs in such cases, (act of 1811, ch. 91,) provided by the first section,-that “the plaintiff shall, in no instance, recover of the defendant a greater sum in cost, than may be assessed by the jury in damages;” and the seeond section made it the duty of the court “ to pronounce judgment against the defendant for as much cost as there may be damages assessed; and at the same time to pronounee judgment against the plaintiff flu* the residue of said cost.”
Pending this suit, the Legislature, by the act of 1851-2, (passed on the 24th of Eeb., 1852,) enacted, “That the first and second sections of the act of 1811, eh. 91, be, and the same are hereby repealed; and in all suits for the recovery of damages occasioned by the overflowing of water, the successful party shall be entitled to full costs, as provided in the 74th section of the aet of 1794, ch. 1. Provided, That, if said judgment for damages does not exceed five dollars-, the plaintiff shall not recover more costs than damages.”
This act prescribes a new rule- as to costs in this particular action. There is nothing in the aet restricting its operation to cases arising after its passage; on the contrary, it is alike applicable in its terms, to all judgments rendered in this species of action, after the law took effect, irrespective of whether the suit may have been commenced before or after the passage of the act. *86 Such is the plain meaning and construction of the law; and upon this construction, the doctrine that a statute is not to have retrospective effect, - is not applicable. It has been long settled in this State, and was reaffirmed at the last term of this court at Nashville, that a retrospective law, in the proper meaning of our constitution, is a law impairing the obligation of a contract, or disturbing vested rights. This doctrine is understood to have no application to laws which merely regulate the remedy, or mode of procedure, as contradistinguished from the right; and of this character is the act of 1852.
The case being governed by the latter act, it only remains to enquire what judgment is proper, if any, so far as respects the residue of the costs. Ve have seen, that by the repealed statute of 1811, the plaintiff could, in no instance, recover more costs than the amount of damages awarded to him by the jury; and that, for the remaining costs he was liable to judgment. This rule, which was deemed harsh and oppressive in frequent instances, is abolished by the act of 1852; and this class of cases is placed within the operation of the general law of 1794, giving to the successful party full costs, with the single exception, that if the plaintiff’s recovery does not exceed five dollars, he shall not recover more costs than damages. But, as to how the residue of the costs are to be recovered, or from whom, the act is silent; and in this view we are called upon to give a construction to the law. It is very clear that the plaintiff cannot be subjected to a judgment for the entire balance of costs, as under the act of 1811. To relieve him from this seems to have been a principal object of the act of 1852.
*87 We think the intention is sufficiently manifest, to leave eacli party liable for liis own proper costs, except as to an amount of costs equal to the damages recovered, for which, by the jproviso, the plaintiff is entitled to judgment. And we think the proper practice to establish, is, to render judgment, as respects the residue of the costs, against the parties respectively.
The judgment will be reversed as to costs, and entered up in conformity with the principle herein laid down.